# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Thomas J. RANDOLPH
### Damage Controlman Second Class (E-5), U.S. Coast Guard

### Docket No. 003-62-16

### 9 May 2016

General Court-Martial convened by Commander, First Coast Guard District. Article 39(a) sessions at Boston, Massachusetts, on 21 January and 7 March 2016; ruling by military judge on 11 March 2016.

| | |
|---|---|
| Military Judge: | CDR Cassie A. Kitchen, USCG |
| Trial Counsel: | LT Robert W. Canoy, USCGR |
| Assistant Trial Counsel: | LT Grace E. Oh, USCGR |
| Assistant Trial Counsel: | LT Caroline E. Dalla Betta, USCGR |
| Defense Counsel: | LT Jason W. Roberts, USCGR |
| Assistant Defense Counsel: | LCDR Rachel E. Trest, JAGC, USN |
| Appellate Government Counsel: | LT Tereza Z. Ohley, USCGR |
| | LT Lars T. Okmark, USCGR |
| | LT Sharyl L. Pels, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

JUDGE, Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ). On 11 March 2016, upon motion by Appellee, the military judge dismissed specification 4 of Charge V, opining that the Preliminary Hearing Officer's (PHO) determination that probable cause did not exist with respect that specification was dispositive, hence the specifications were improperly referred.

The Government gave notice of appeal on 14 March 2016, and filed the record of trial with this Court on 4 April 2016. The Government filed its appeal brief on 25 April 2016. Appellee filed his brief on 2 May 2016.

The parties essentially present the same arguments as were presented in *United States v. Meador,* __ M.J. __, No. 002-62-16 (C.G. Ct. Crim. App. Apr. 19, 2016). The Government argues that the PHO's determination as to probable cause is not dispositive while Appellee argues that the PHO's determination is binding. The only substantive difference from *Meador* is that the military judge did not find that the SJA's advice was defective.

Under Article 62, we act only with respect to matters of law. We review the military judge's decisions for abuse of discretion. We reject her findings of fact only if they are clearly erroneous or not supported by the evidence.

The issue arises under Article 32, UCMJ. As we stated in *Meador*, the statutory scheme does not make the PHO's determination as to probable cause binding on the SJA or the Convening Authority (CA). Here, the SJA did not concur with the PHO's determination as to probable cause with regard to specification 4 of Charge V. Instead, he found the offense was warranted by the evidence, specifically citing to "the victim's proof of injury." Her statements regarding the incident were also introduced at the preliminary hearing. Consequently, the Government was in substantial compliance with Articles 32 and 34 and the applicable Rules for Courts-Martial and the CA could properly refer the specification.

Appellee urges us to reconsider *Meador,* raising several issues that he claims *Meador* failed to address or were in error. While none are convincing, to the extent that new arguments are raised or the arguments indicate a misunderstanding of *Meador*, we address them here. First, Appellee argues that we did not address "Congress's choice of the word 'recommendation' in some parts of Article 32, UCMJ, while using the word 'determination' with regard to probable cause. To hold a 'determination' is only advisory ignores this distinction." (Answer at 5.) This argument strains to blur the distinct usage contexts in which the two words are normally found. Further, while the purposes of the Article 32 preliminary hearing include "determining" probable

cause as well as "recommending" the disposition of charges, as we said in *Meador,* Article 32 contains no language stating who makes that determination. Instead, Article 32 directs the PHO to "prepare a report that addresses" these matters. Although the term determination may imply a final decision, a report is simply an "official or formal statement of facts or proceedings" including, *e.g.*, a written statement of a master "as the result of his inquiries into some matter referred to him by the court." Black's Law Dictionary 1300 (6th ed. 1990). In this example, the court then uses the master's report to reach its decision, much as the SJA and the CA use the PHO's report to reach the decisions they must make under the UCMJ. The purpose of the preliminary hearing is achieved when the CA uses the report to make referral decisions, including a determination of whether there is probable cause to believe an offense has been committed and the accused committed the offense. Regardless of the words used, Article 32 simply contains nothing that makes the PHO's report binding on the SJA and CA.[1]

Second, Appellee states that "this Court highlighted as significant that Article 34, UCMJ, does not reference PHO determinations as a binding precondition for referral." That was not what we found significant. Instead, we noted that there is no language anywhere in the UCMJ "that makes a determination of probable cause by the PHO a precondition of referral to a general court-martial," in contrast to Article 34's requirement that the SJA find the charges warranted by the evidence. *Meador*, slip op. at 3.

Finally, Appellee argues that the "military judge's interpretation also brings Article 32, UCMJ, into better harmony with Article 36, UCMJ, which requires the President to 'apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts.'" Article 36 is applicable to the President's formulation of Rules for Courts-Martial and Military Rules of Evidence to implement the UCMJ. It is not a license for this Court to read into the UCMJ principles or rules that are not evident from the plain language of the statute. The President has amended the Rules for Courts-Martial in response to the recent amendment of Article 32, but we find nothing in the President's actions that support Appellee's interpretation of Article 32.

---

[1] As to why Congress used different terms, the two involve different types of analysis: determining probable cause involves the application of law to facts while a recommendation as to disposition is based on a subjective opinion.

**Decision**

The military judge's ruling dismissing specification 4 of Charge V is reversed. The record is returned for further proceedings.

Chief Judge MᴄCLELLAND and Judge BRUCE concur.



For the Court,

Sarah P. Valdes
Clerk of the Court